Alex R. Straus (SBN 321366)
**MILBERG COLEMAN BRYSON**
**PHILLIPS GROSSMAN PLLC**
280 S. Beverly Drive
Beverly Hills, CA 90212
(917) 471-1894 (phone)
(615) 921-6501 (fax)
astraus@milberg.com

*Attorneys for Plaintiff*

*Additional counsel on Signature Page*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| CRYSTAL DAMATO, AMANDA MONTGOMERY, and TAYLOR MAXWELL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MORPHE LLC., MORPHE MANAGEMENT HOLDINGS LLC, FORMA BRANDS LLC, FORMA BEAUTY BRANDS LLC.<br><br>Defendant. | CASE NO.<br><br>**CLASS ACTION COMPLAINT:**<br><br>**1. BREACH OF IMPLIED WARRANTY**<br>**2. UNJUST ENRICHMENT**<br>   **(In the Alternative)**<br>**3. VIOLATION OF CALIFORNIA FALSE ADVERTISING LAW, Cal. Bus. & Prof. Code § 17500,** *et seq.*<br>**4. VIOLATION OF CALIFORNIA LEGAL REMEDIES ACT, Cal. Bus. & Prof. Code § 1750,** *et seq.*<br>**5. VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW, Cal. Bus. & Prof. Code § 17200,** *et seq.*<br>**6. NEGLIGENT FAILURE TO TEST**<br>**7. NEGLIGENT FAILURE TO WARN**<br>**8. STRICT LIABILITY – DEFECTIVE DESIGN AND/OR MANUFACTURE** |

Plaintiffs Crystal Damato, Amanda Montgomery, and Taylor Maxwell ("Plaintiffs") bring this Class Action Complaint against MORPHE, LLC, d/b/a Morphe Cosmetics, Morphe Brushes, and Morphe 2, FORMA BRANDS LLC, FORMA BEAUTY BRANDS LLC, MORPHE MANAGEMENT HOLDINGS LLC (collectively, "Defendants"), individually and on behalf of

all others similarly situated, and complain and allege upon personal knowledge as to themselves and their own acts and experiences and, as to all other matters, upon information and belief, including investigation conducted by their attorneys:

## NATURE OF THE ACTION

1.      This is a civil class action concerning Defendants' design, formulation, manufacture, marketing, advertising, distribution, and sale of eye makeup that contains color additives and ingredients that are dangerous when used on the immediate eye area.

2.      Morphe Eye Makeup has a propensity to cause adverse reactions, including but not limited to, severe eye irritation, skin discoloration and staining, rashes, allergic contact dermatitis, and related conditions requiring professional medical treatment. Many of these symptoms are painful, embarrassing, and last for several days. Plaintiffs applied Morphe Eye Makeup as instructed and encouraged by Defendants and suffered physical injuries as a result of using the Products, including painful eye irritation, skin discoloration and staining, rashes, and inflammation.

3.      The products at issue include eyeshadow palettes (which Defendants sometimes refer to and promote as "artistry palettes"), eyeliners, and Colorfix 24-hour Cream Color that are formulated with and/or contain certain color additives that are not safe for use in the eye area (collectively "Morphe Eye Makeup" or "Products"). Specifically, the Products are inherently dangerous because they are formulated with and/or contain the following color additives: FD&C Red No. 4; D&C Red No. 6, 7, 17, 21, 22, 27, 28, 30, 31, 33, 34, 36; D&C Violet No. 2; Ext. D&C Violet No. 2; FD&C Yellow No. 6; D&C Yellow No. 7, 8, 10, 11; Ext. D&C Yellow No. 7; D&C Orange No. 4, 5, 10, 11; D&C Green No. 6, 8; FD&C Green No. 3; D&C Brown No. 1; and D&C Blue No. 4 ("Harmful Ingredients").

4.      The United States Food and Drug Administration ("FDA") is responsible for approving individual color additives and setting usage restrictions. In addition to being inherently

1   dangerous, each of the Harmful Ingredients is designated by the FDA as unsuitable and

2   unapproved for cosmetic use in the eye area ("Harmful Ingredients").[1]

3   5.      The Harmful Ingredients render Morphe Eye Makeup unsafe for use in the eye

4   area (the "Defect"), and the Products are both adulterated and misbranded under the federal Food,

5   Drug, and Cosmetics Act ("FDCA"). Accordingly, it is unlawful for Defendants to advertise,

6   promote, market, or sell Morphe Eye Makeup.  Nonetheless, Defendants' marketing, advertising,

7   public statements, social media posts and videos, training manuals, and online tutorials encourage

8   and instruct consumers to use the Products in the eye area.

9   6.      Morphe Eye Makeup has no reasonable use other than cosmetic application in the

10  eye area, and Products are worthless by virtue of the Defect.

11  7.      Plaintiffs bring this lawsuit on behalf of consumers who purchased Morphe Eye

12  Makeup for personal cosmetic use and seek damages and equitable remedies for themselves and

13  the putative Class (defined *infra* ¶ 165).

14  8.      Defendants actively instructed and encouraged consumers, including children, to

15  use the Products in a manner which Defendants knew or should have known was inherently

16  dangerous and unlawful.

17  9.      Defendants have undertaken a deliberate and willful pattern of  conduct (including

18  taking active measures) aimed at deceiving consumers, including Plaintiffs, into believing that

19  Morphe Eye Makeup is safe for its intended use: cosmetic application around the eye area.

20  10.     At all relevant times, Defendants knew about the Defect, but nevertheless

21  marketed, advertised, and sold Morphe Eye Makeup for use around the eyes without warning

22  consumers of the known dangers.

23  11.     As a direct and proximate result of Defendants' concealment of the Defect and its

24  failure to warn consumers about its harmful consequences, Plaintiffs and other similarly situated

25  consumers ("Class" or "Class Members") purchased and/or used the Product to their detriment.

26  12.     Plaintiffs and putative Class Members were unaware of the Defect at the time they

27  purchased the Products.  Had Plaintiffs and Class Members known that Morphe Eye Makeup

28

---

[1] Corresponding lakes are not FDA approved for use around the eye area unless stated in federal regulations.

contains a Defect rendering it unfit for its intended purpose, they would not have purchased the Products or would have paid substantially less.

13.     Plaintiffs and all putative Class Members purchased Morphe Eye Makeup which suffered from the same Defect at the point of sale, and poses substantially the same safety risk to Plaintiffs, putative Class Members, consumers, and the public.

14.     Plaintiffs and each putative Class Member has been damaged and suffered an injury in fact caused by Defendants' false, fraudulent, unfair, deceptive, and misleading practices, as set forth herein, and seek compensatory damages and injunctive relief.

15.     Given the massive quantities of Morphe Eye Makeup believed to have been sold online and in retail locations throughout the country, this class action is the proper vehicle for addressing Defendants' misconduct and for attaining needed relief for those affected.

## JURISDICTION AND VENUE

16.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1332 and 1367 because this is a class action in which the matter or controversy exceeds the sum of $5,000,000, exclusive of interest and costs, and in which some Members of the putative Classes are citizens of a state different from Defendants.

17.     This Court has personal jurisdiction over Defendants because Defendants transact business in the United States, including in this District, have substantial aggregate contacts with the United States, including in this District, engaged in conduct that has and did have a direct, substantial, reasonably foreseeable, and intended effect of causing injury to persons throughout the United States, and purposely availed itself of the laws of the United States and the State of California.

18.     In accordance with 28 U.S.C. § 1391, venue is proper in this District because this District is where a substantial part of the conduct giving rise to Plaintiffs' claims occurred and where Defendants transact business.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**INTRADISTRICT ASSIGNMENT**

19. This action is properly assigned to the San Francisco Division of this District pursuant to N.D. Cal. L.R. 3-2, because Morphe LLC's principal place of business is in San Francisco County, which is served by the San Francisco Division. Moreover, Morphe conducts substantial business in San Francisco County, which is served by this Division.

**PARTIES**

*Plaintiffs*

20. Crystal Damato is a resident of Rodeo, California, who purchased and used Morphe Eye Makeup within the relevant time period.

21. Amanda Montgomery is a resident of San Diego, California who purchased and used Morphe Eye Makeup within the relevant time period.

22. Taylor Maxwell is a resident of Wahiawa, Hawaii who purchased and used Morphe Eye Makeup within the relevant time period.

*Defendants*

23. The Morphe Brand was founded in 2008 in Los Angeles, California, as a professional makeup brush company and was later incorporated in the State of Delaware as MORPHE, LLC.

24. MORPHE LLC, d/b/a Morphe, Morphe Cosmetics, and Morphe 2 ("Morphe"), is registered as a foreign limited liability company in the State of California and has its principal place of business at 22 4th Street, Floor 4, San Francisco, California, 94103.[2]

25. Morphe, under its own brand and related sub-brands, designs, formulates, manufactures, markets, advertises, distributes, and sells a wide range of consumer cosmetic products including but not limited to, eye shadow, eyeliner, eyelid primer, and eyebrow pencils.[3]

---

[2] https://businesssearch.sos.ca.gov/Document/RetrievePDF?Id=201701410013-21746227

[3] *See generally* https://www.morphe.com/ (last accessed Mar. 3, 2022).

26.   FORMA BEAUTY BRANDS LLC is incorporated in California with its principal place of business at the same location as MORPHE LLC, 22 4th Street, Floor 4, San Francisco, California, 94103.[4]

27.   FORMA BRANDS LLC is the parent company of MORPHE LLC and owns and/or controls several different affiliated brands and/or product lines, including: Morphe, Morphe 2,[5] Bad Habit, Lipstick Queen, Playa Beauty, and Jaclyn Cosmetics.

28.   MORPHE MANAGEMENT HOLDINGS, LLC is incorporated in Delaware and is the parent company of FORMA BRANDS LLC.

29.   MORPHE, LLC; FORMA BRANDS LLC; FORMA BEAUTY BRANDS LLC; and MORPHE MANAGEMENT HOLDINGS, LLC; (collectively "Defendants") design, formulate, manufacture, market, advertise, distribute, and sell the Products.

## THE PRODUCTS

30.   Morphe Eye Makeup is sold at retail locations throughout the United States, including Morphe Cosmetics stores and Ulta Beauty stores, and the Products are also available for purchase online at www.morphe.com and through third-party retailers' websites.[6]

*31.*   The Products that are the subject of this lawsuit include eyeshadow palettes, which Defendants sometimes refer to as "artistry palettes," eyeliners, "cream color products," and other categories of products that Defendants have promoted or advertised for use in the eye area during the maximum time period allowed by law.[7]

---

[4] https://businesssearch.sos.ca.gov/CBS/Detail

[5] MORPHE 2, sometimes d/b/a MORPHE II, is a "sub-brand of Morphe" which produces "multipurpose makeup" products. https://formabrands.com/brands/morphe-2/ (last accessed Mar. 8, 2022).

[6] https://www.ulta.com/brand/morphe?N=1z12lx1Z1nofvi2 (last accessed Mar. 4, 2022).

[7] James Charles Palette, Morphe X Sour Patch Kids Palette, 35T Sweetest Tea Palette, Mickey & Friends Truth Be Bold Palette, 9x L'il Artistry Palette, We Make Rainbows Jealous Palette, UV Grunge Palette, UV Taffies Palette, UV Brights Palette, Coca-Cola X Morphe Cheerfully Cherry Palette, Morphe X Nyane Fierce Fairytale Artistry Palette, Morphe X Make It Black 18 Pan Artistry Palette, Morphe X Lucky Charms Make Some Magic Artistry Palette, Morphe X Pony Constellation Sky Artistry Palette, 35O Supernatural Glow Artistry Palette, 35XO Natural Flirt Artistry Palette, 18T Truth or Bare Palette, 35C Everyday Chic Palette, 9Y Heart Candy Artistry Palette, 9B Calm Me Baby Palette, Morphe X Ashley Strong Affirmation Magic Artistry Palette, 35F Fall Into Fabulous Artistry Palette, 9E Pretty in Peach Palette, 9H Hot for Hue Artistry Palette, 9K Khaki Calling Artistry Palette, 9V Vintage Rose Artistry Palette, 9W Smoke & Shadow Artistry Palette, 9S So Chill Artistry Palette, 9D Painted Desert Artistry Palette, 18F Talkin' Flirty Artistry

32.     The Products, which are sold online at www.morphe.com/collections/eyeliner and www.morphe.com/collections/eyeshadow, are all: (1) advertised and marketed by Defendants for cosmetic use on the eye area (as eyeliner or eyeshadow); (2) are reasonably interpreted as safe and suitable for use in the eye area; and (3) purchased and used by consumers for cosmetic use on the eye area even though such use is dangerous and prohibited under FDA regulations.

***Defendants' Eyeshadow Palettes***

33.     All consumer-facing advertising, marketing, and promotional communication by Defendants instructs and encourages consumers to use and apply Morphe Eyeshadow Palettes in the eye area.

34.     There are currently 49 different variations of Morphe Eyeshadow Palettes available for purchase at www.morphe.com/collections/eyeshadow-palettes, 43 of which are formulated with and contain color additives that are prohibited for use around the eye area.[8]

35.     Morphe Eyeshadow Palettes generally cost $20.00 to $39.00, and each product contains between 4-35 distinct colors or shades ("Color Pans") which Morphe refers to and categorizes as either "pressed pigments" or "eyeshadow."

36.     Pressed pigments are indistinguishable from eyeshadow, and pressed pigments' only reasonable and foreseeable use is cosmetic application in the eye area.

---

Palette, 18B Makin' Bank Artistry Palette, 18A Blue Ya Away Artistry Palette, Morphe X Lisa Frank 35B By Lisa Frank Artistry Palette Zoomer & Zorbit, Morphe X Lisa Frank 35B By Lisa Frank Artistry Palette Prancing Unis, Morphe X Lisa Frank 35B By Lisa Frank Artistry Palette Forrest, Madison Beer Channel Surfing Artistry Palette, Morphe X Jaclyn Hill Volume 2, 35O3 Fierce By Nature Artistry Palette, 35M Boss Mood Artistry Palette, 39S Such a Gem Artistry Palette, 35H Hot Spot Artistry Palette, Magic + Ecstasy Artistry Palette, 35V Stunning Vibes Artistry Palette, Colorfix 24-Hour Cream Color (Shades Nebula, Alien, Ballerina, Goldmine, Celebration, Magnetic, Wild Orchid, Exposed, Nude 3, Latte, Desert Rose, Crème Brulee, Chocolate, Blackout, Lift, Beaches, Valentine, Clear, Wasabi, UFO), Suva Beauty Hydra FX Liners (Shades Doodle Dee, Doodle Doo, Bomb AF, Scrunchie, Dance Party, Fanny Pack, Track Suit, Acid Trip, Lustre Lilac), M2 Always Online Gel Liner (Shades Fierce Fuchsia, Berry Lush), Color Pencil (Shades Coconut, Pearly, Fantasy, Love Bite, Pinken, All Night, Harper, Faith, Extra, Lock It, Poolside, Falling for Green, Everlasting, Sparkler, Laurel, Dusty, Jemma, Coin, Regal, Caviar, Editorial, Secret, Toastie, Trendsetter, Vibes, Saint, Richie, Bar, Midnight, Dark Room, Toots, Bamboo, Fairy Dust, Sun Kissed, Backseat, Love, Mimi, Foolish, Bae, Frenchie, Honeymoon, Chippy, Sweetheart, Guide Me, Clingy, Makeup Talk, Spiffy, Coffee & Kissy, Sweet Tea, Bite Me, Forecast, Show Stopper, Bubble, Zippy, Crush, Ginger, Twinkle, Hoova, Petal, Studded, BFF, Sugar Pie, Mina, Linda, Scarlet, Blossom, High Maintenance, Fashionista, Wine Me, Heckle, Date Night, 9to5, High Voltage, It's Vintage, Love Life, Lush Worthy, Well Red), P. Louise Bases (Shades Vivid Violet, Winter Rose, OTT Orange, Rude Boy Red, Blank Canvas, Raver, Ibiza, Glow Girl).

[8] https://www.morphe.com/collections/eyeshadow-palettes (last accessed Mar. 4, 2022).

37.     Defendants' attempt to recategorize dangerous and defective eyeshadow under this euphemism which confuses consumers and fraudulently misrepresents a known danger.

38.     Morphe knows, or should have known, that Plaintiffs and consumers are likely to be misled by the phrase "pressed pigment" because: (1) the Products are packaged, marketed, and sold as eye shadows; (2) there is no generally understood meaning of the phrase pressed pigment; (3) Defendants' website does not explain how pressed pigments differ from eyeshadow; and (4) Defendants' promotional images, tutorials, and other advertising materials instruct and encourage "pressed pigments" to be used for cosmetic application in the eye area.

***Other Products intended for use in the Eye Area***

39.     Morphe Eye Makeup includes other products that are marketed, sold, advertised, or promoted for use in the eye area and which contain Harmful Ingredients, including but not limited to: Morphe Gel Liner; Morphe Color Pencils; Morphe 2 Eye Wish Shadow Sticks; Danessa Myricks Beauty Colorfix 24-Hour Cream Color (Neons, Matte, & Metallic variations); Suva Beauty Hydra FX (Palettes, Packs, and Individually Packaged Shades).

40.     All consumer-facing advertising, marketing, and promotional communication by Defendants instruct and encourage consumers to use and apply the Morphe Eye Makeup for cosmetic use on and around the eye area.

41.     For example, Figure 1 depicts a model wearing Colorfix 24-Hour Cream Color Neons in the shade "UFO" (neon yellow) even though it contains several Harmful Ingredients, specifically, Red 27 Lake (CI 45410), Red 6 Lake (CI 15850), Red 7 (CI 15850), Yellow 6 Lake (CI15985), and Red 21 Lake (CI 45380).[9]  Figure 2 depicts a model wearing Colorfix 24-Hour Cream Color Mattes in "Valentine" (bright pink) in the eye area even though it contains several Harmful Ingredients, specifically, Red 7 Lake (CI 15850), Red 27 Lake (CI 45410), Red 22 Lake (CI 45380), and Yellow 6 Lake (CI 15985).

---

[9]     https://www.morphe.com/collections/danessa-myricks-beauty/products/colorfix-24-hour-cream-color-neons-ufo



*Figure 1. Depicts Colorfix 24-Hour Cream Color in "UFO."*



*Figure 2. Depicts Colorfix 24-Hour Cream Color Mattes in "Valentine."*



*Figure 3. Front Label of Colorfix 24-Hour Cream Color Mattes in Valentine.*

42.     The front label of the Product used and depicted in Figure 3, Colorfix 24-Hour Cream Color, clearly states that it is "Liquid Pigment Lip, Cheek, Eye Color" (see Figure 3), and its online description page states that it is "Made for eyes, lips, and cheeks, a long-wearing liquid glitter formula for a bold shimmer." (www.morphe.com/products/colorfix-matte-valentine). In the "How to Apply" section of the Product's webpage, Defendants instruct consumers to: "Use alone for bold pigment on eyes, lips, and cheeks, mix colors to create your own shade, or combine with complexion products to create a waterproof finish."[10]

**THE PRODUCTS VIOLATE STATE AND FEDERAL REGULATIONS**

43.     Defendants have engaged in unfair, unlawful, and fraudulent business conduct by formulating, manufacturing, distributing, marketing, advertising, and selling Morphe Eye Makeup because the Products: (1) contain color additives that make them unreasonably dangerous

---

10 www.morphe.com/products/colorfix-matte-valentine

for their sole and intended purpose; (2) are misbranded, mislabeled, and adulterated; and (3) are illegal to sell, advertise, or promote for cosmetic application and use in the eye area.

44.     Both the FDA and California Health & Safety Code tightly regulate color additives for use in cosmetic products.[11]

45.     "If your product . . . contains a color additive, by law[12] you must adhere to requirements for:

    a.  **Approval.** All color additives used in cosmetics (or any other FDA-regulated product) must be approved by FDA. There must be a regulation specifically addressing a substance's use as a color additive, specifications, and restrictions.

    b.  **Identity and specifications.** All color additives must meet the requirements for identity and specifications stated in the Code of Federal Regulations (CFR).

    c.  **Use and restrictions.** Color additives may be used only for the intended uses stated in the regulations that pertain to them. The regulations also specify other restrictions for certain colors, such as the maximum permissible concentration in the finished product."[13]

46.     "Except in the case of coal-tar hair dyes, failure to meet U.S. color additives requirements causes a cosmetic to be adulterated."[14]

47.     Pursuant to 21 CFR 70.5(a), Defendants may not use a color additive in products unless the regulation for that additive specifically permits such use. A particular color additive may be safe for one purpose, such as use in lipstick, but unsafe for use around the eye area.

48.     The FDA defines "area of the eye" as "the area enclosed within circumference of the supra-orbital ridge and the infra-orbital ridge, including the eyebrow, the skin below the eyebrow, the eyelids and the eyelashes, and conjunctival sac of the eye, the eyeball, and the soft areolar tissue that lies within the perimeter of the infra-orbital ridge."[15]

49.     The FDA does not permit the following color additives to be used around the eye area (defined herein as "Harmful Ingredients"):[16]

    •  FD&C Red No. 4; D&C Red No. 6, 7, 17, 21, 22, 27, 28, 30, 31, 33, 34, 36

---

[11] California State law incorporates the FDA's color additive regulations.

[12] [FD&C Act, Sec. 721; 21 U.S.C. 379e; 21 CFR Parts 70 and 80]

[13] https://www.fda.gov/industry/color-additives-specific-products/color-additives-and-cosmetics-fact-sheet (last accessed Mar. 21. 2022); Federal Food, Drug, and Cosmetic Act ("FD&C Act"), § 721: 21 U.S.C. 379e.

[14] FD&C Act, § 601(e); 21 U.S.C. 361(e)

[15] 21 CFR § 70.3(s)

[16] 21 CFR 74.2254, 74.2260, 74.2261, 74.2321, 74.2322, 74.2327, and 74.2328.

- D&C Violet No. 2, Ext. D&C Violet No. 2
- FD&C Yellow No. 6; D&C Yellow No. 7, 8, 10, 11; Ext. D&C Yellow No. 7
- D&C Orange No. 4, 5, 10, 11
- D&C Green No. 6, 8; FD&C Green No. 3
- D&C Brown No. 1
- D&C Blue No. 4

50.     Despite these regulations and the inherent dangers which prompted the passing of these regulations, Morphe Eye Makeup is formulated with and contains Harmful Ingredients that are not approved by the FDA for use in the eye area because these ingredients are dangerous for that purpose.

51.     Accordingly, in addition to misleading Plaintiffs and Class Member about the safety of the Products, Defendants have engaged in acts that are prohibited under federal law.

## THE PRODUCTS' PACKAGING IS MISLEADING

52.     Morphe Eye Makeup is misbranded because: (1) Defendants represent that the Products are safe for use in the eye area, (2) the Products' labels and packaging are false and/or misleading; and (3) Defendants omit material facts about the Products.[17]

53.     At the time of purchase, and as a result of Defendants' representations or omissions, Plaintiffs and Class Members were under the reasonable belief that Morphe Eye Makeup was safe for its intended use, cosmetic application to the eye area.

54.     The Products' packaging and labels are misleading because Defendants omitted material facts about the safety of the Products.

---

[17] http://uscode.house.gov/view.xhtml?req=granuleid:USC-prelim-title21-section362&num=0&edition=prelim (Section 362. Misbranded Cosmetics).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

55.     For example, the Morphe X Nyane Fierce Fairytale Palette ("Fairytale Palette") contains 30 distinct Color Pans, but 21 Color Pans are formulated with and/or contain Harmful Ingredients that are not safe for use in the eye area. (*See* Figure 4)



***Figure 4 . Fairytale Palette***
For ease of reference, Plaintiffs used black checkmarks to identify the 9 shades that comply with FDA regulations. The remaining 21 shades contain Harmful Ingredients that are prohibited for use in the eye area and eye makeup.

56.     The Fairytale Palette's webpage, online product description, and online ingredients list does not mention or otherwise warn consumers that the Fairytale Palette is formulated with and/or contains Harmful Ingredients that are not FDA approved for application in the eye area.

57.     In fact, the Fairytale Palette's packaging contains three images that depict a model wearing several shades of neon eyeshadow—pink, green, and orange—even though each of those Color Pans contains Harmful Ingredients. (*See* Figures 5).



***Figure 5. Fairytale Palette – Product's Packaging & Interior Panel***
Three separate images on the product's package depict a model wearing several eyeshadow shades that contain Harmful Ingredients.

## **DEFENDANTS MARKET AND PROMOTE THE PRODUCTS AS EYE MAKEUP**

58.     Defendants market, advertise, and sell Morphe Eye Makeup in a uniform manner throughout the United States, including in the State of California, and represent that the Products are both safe and suitable for their intended use—application to the eye area.

59.     Defendants have produced and disseminated advertisements, promotional images, marketing campaigns, instructional videos, social media posts, tutorials, and other public statements that unambiguously encourage consumers to use the Products in the eye area.

***Defendants' Instructions and Product Tutorials***

60.    Figure 6 depicts a tutorial in which Defendants encourage consumers to apply several Color Pans that contain Harmful Ingredients—"Fired Up," "Red Carpet", "Color Persona", "Bright Eyes", and "Grape Expectations"—into the eye "crease," "over entire lid," "on the inner tear duct," and "the lower lid." Defendants also instruct consumers to "apply Color Pencil 'Mina' on the waterline [of the eye]" which contains several Harmful Ingredients.[18]

COLOR DARE

**BROW BONE**: Apply *Light of the Party* using the M167 Oval Shadow Brush.

**CREASE**: Sweep *Fired Up* into the crease using the M514 Detail Round Blender Brush. Build and intensify shade by adding *Red Carpet* over top, using the same brush.

**LID**: Mist the E14 Oval Shadow Brush with Continuous Setting Mist and apply *Color Persona* over entire lid.

**INNER CORNER**: Pack *Bright Eyes* on the inner tear duct using the M321 Bullet Crease Brush. Next, apply Color Pencil in *Mina* on the waterline.

**LOWER LID**: Complete your bossy AF look by applying *Grape Expectations* to the lower lid using the M321 Bullet Crease Brush.



***Figure 6. Screenshot taken from the "Tips & Tricks" portion of Defendants' Website.***
Defendants provide a detailed eye makeup tutorial on the 35M Boss Mood Palette's product webpage which instructs and encourages users to apply specific shades that contain Harmful Ingredients to the eye area. The corresponding image depicts the end result.

***Promotional Images***

61.    As demonstrated throughout this Complaint, the Products' promotional images clearly depict models wearing specific shades and colors in the eye area even if they are formulated with and/or contain Harmful Ingredients that are not approved by the FDA for use in eye makeup.

_____

[18] https://www.morphe.com/products/color-pencil-mina (last accessed Mar. 23. 2022).

***Social Media Posts and Influencers***

62.    Social media platforms are an integral part of Defendants' marketing strategy, and Defendants promote the Products on various YouTube channels, Instagram accounts, and other outlets. Defendants advertise and post tutorials on Instagram through the verified account @Morphebrushes, which currently has 10.5 million followers. Defendants' Instagram posts describe which Morphe Eye Makeup products were used in the image and provide viewers with a shopping link where they can purchase the corresponding products. (*See* Figure 7).



***Figure 7. Defendants' Instagram Posts***
Promotional images of the 35T Sweetest Tea Palette and 9Y Heart Candy Palette
and corresponding shopping links for each product.

63.    Defendants also advertise and post tutorials through the verified account @morphe2 which currently has 125,000 followers.

64.     Morphe Agents and collaborators, such as James Charles, promote Morphe Eye Makeup in YouTube video tutorials and through their social media accounts.

65.     Similarly, Defendants' website features images of makeup artists and Instagram bloggers using the Products as eyeshadow even if a particular shade contains Harmful Ingredients. These social media posts often contain product links and hashtags that direct consumers to the corresponding Product on Morphe's website and describe the specific shades that were used as eyeshadow.

66.     Plaintiffs and Class Members relied on Defendants' representations when they purchased Morphe Eye Makeup, including but not limited to Defendants' website, instructions, product tutorials, promotional images, social media posts, and statements made by its agents.

## RISK TO CONSUMERS AND FAILURE TO WARN

67.     The Harmful Ingredients can cause physical injuries including eye pain, redness, itching, skin irritation, rashes, and skin staining.

68.     Defendants do not warn the Products' potential purchasers or users that Morphe Eye Makeup is not safe for its intended use or that the Products contain Harmful Ingredients.

69.     Similarly, Defendants failed to warn or otherwise alert the Products' potential purchasers or users of the known dangers and risks associated with the Harmful Ingredients and the potential consequences of using the Products' as intended.

### *Purported Disclaimer Language on Defendants' Website*

70.     Defendants' advertising, marketing, packaging, and all other forms of communication, including Defendants' website, each fail to provide any warning whatsoever regarding the known dangers associated with the intended use of the Products.

71.     For a portion of the Morphe Eye Makeup products, Defendants' website includes vague language and inconsistent statements such as "*Caution: Pressed pigments not intended for use in eye area."

72.     As a matter of law, this is not a safety warning because it does not: (1) assist the consumer in understanding the danger; and (2) it is not conveyed in a manner that a reasonable person would see, receive, and understand.

73. The substance and placement of Defendants' purported disclaimer falls far short of being a prominent and conspicuous warning detailing the potential risks and consequences that could result from applying Morphe Eye Makeup in the eye area.

74. As demonstrated in Figure 8 below, Defendants' statement appears in small, unbolded font buried within 30 lines of text. Defendants' purported disclaimer is ten words starting on the fifteenth row down, surrounded by 876 other words.



**EYESHADOW**
TEMPTIN' HUE / Mica, Talc, Silica, Magnesium Stearate, Ethylhexyl Palmitate, Isononyl Isononanoate, Phenyl Trimet! Lake (CI 42090).

ALWAYS TRENDING / Mica, Ethylhexyl Palmitate, Isononyl Isononanoate, Synthetic Fluorphlogopite, Dimethicone, H Tin Oxide, Kaolin **+/-May Contain/Peut Contenir:** Titanium Dioxide (CI 77891), Iron Oxides (CI 77491, CI 77492, CI 7749

DAY IN THE LIFE, CHUG ALONG, SPILL AWE / Talc, Mica, Dimethicone, Hydrogenated Polyisobutene, Magnesium S Acetate, Caprylyl Glycol, Ethylhexylglycerin, Tocopherol, Tin Oxide **+/-May Contain/Peut Contenir:** Titanium Dioxide

SWEET TEA, SWEETEST TEA / Talc, Mica, Silica, HDI/Trimethylol Hexyllactone Crosspolymer, Magnesium Stearate, 77492, CI 77499), Blue 1Lake (CI 42090), Yellow 5 Lake (CI 19140).

OG CREW / Talc, Mica, Magnesium Stearate, Dimethicone, Hydrogenated Polyisobutene, Octyldodecyl Stearoyl Ste 77491), Yellow 5 Lake (CI 19140), Blue 1 Lake (CI 42090).

SIP SIP, SO CUTE / Mica, Talc, Silica, Ethylhexyl Palmitate, Isononyl Isononanoate, Magnesium Stearate, Phenyl Trim Iron Oxides (CI 77491, CI 77492), Yellow 5 Lake (CI 19140), Blue 1 Lake (CI 42090).

**PRESSED PIGMENT**
*Caution: Pressed pigments not intended for use in eye area.*
CHILL MOMENT, DRINK IT IN, SUCH A FLIRT, NEXT LEVEL, HEAT WAVE, NOT THAT INNOCENT, GRAB DRINKS, WITH Phenoxyethanol, Bis-Diglyceryl Polyacyladipate-2, Tocopheryl Acetate, Caprylyl Glycol, Ethylhexylglycerin, Tocopher (CI 42090).

CONTENTS ARE HOT / Mica, Silica, Magnesium Stearate, HDI/Trimethylol Hexyllactone Crosspolymer, Talc, Kaolin, **Contenir:** Iron Oxides (CI 77499, CI 77491), Yellow 5 Lake (CI 19140), Yellow 6 Lake (CI 15985), Red 6 (CI 15850), Red 7 La

SUGAR ME, TALKIN' GLITZ, ANOTHER ROUND, THIRST TRAP / Mica, Talc, Dimethicone, Hydrogenated Polyisobute Acetate, Vinyl Dimethicone/Methicone Silsesquioxane Crosspolymer, Caprylyl Glycol, Ethylhexylglycerin, Dimethico Yellow 6 Lake (CI 15985), Red 6 (CI 15850), Red 7 Lake (CI 15850), Red 28 Lake (CI 45410), Blue 1 Lake (CI 42090).

BOMB AF, LIKE CANDY, NAUGH-TEA / Talc, Mica, Dimethicone, Hydrogenated Polyisobutene, Silica, Magnesium St Tocopheryl Acetate, Vinyl Dimethicone/Methicone Silsesquioxane Crosspolymer, Caprylyl Glycol, Ethylhexylglycerin 15850), Red 28 Lake (CI 45410), Blue 1 Lake (CI 42090).

PEACHES, THROW A 'FIT, SPIKED, ULTRA SULTRY / Talc, Mica, Silica, Magnesium Stearate, Ethylhexyl Palmitate, Isc 77499), Ultramarines (CI 77007), Yellow 5 Lake (CI 19140), Yellow 6 Lake (CI 15985), Red 6 (CI 15850), Red 7 Lake (CI 158

MY BESTIE, SHARE GOSSIP, FLAMING HOT / Mica, Talc, Silica, Ethylhexyl Palmitate, Isononyl Isononanoate, Magne **Contenir:** Titanium Dioxide (CI 77891), Iron Oxides (CI 77491, CI 77492), Yellow 5 Lake (CI 19140), Yellow 6 Lake (CI 1598

***Figure 8 – Excerpt from the 35T Sweetest Tea eyeshadow palettes' ingredients page.***
https://www.morphe.com/collections/sweetest-tea-product/products/35t-sweetest-tea-artistry-palette (last accessed Mar. 23, 2022).

75.     Defendants' purported disclaimer does nothing to assist the consumer in understanding the known risks of using Morphe Eye Makeup, nor does it suggest that any known dangers exist.

76.     Defendants' purported disclaimers are also unlikely to reach consumers at all because they are located in the least prominent location of Morphe's website rather than in a conspicuous location such as the individual Products' landing pages and/or description pages.

77.     For example, Morphe X Sour Patch Kids Sour Then Sweet Palette ("Sour Patch Palette") does not contain a prominent warning or any disclaimer language on the product's main webpage.  Consumers would have to exit the product's landing page and navigate to its online ingredients list to find the hidden words: *Caution: Pressed pigments are not intended for use in the eye area."[19]

78.     Consumers can navigate through the entire purchasing process online at Morphe.com without ever encountering Defendants' hidden disclaimer.

79.     Even if Defendants did use adequate warning language, which they do not, the Products' promotional images and Defendants' marketing materials undermine any such statements because models are repeatedly shown wearing specific eyeshadow colors that contain Harmful Ingredients.

80.     Furthermore, Defendants' language and use of disclaimers is inconsistent. Several Morphe Eye Makeup products have no disclaimer whatsoever even though they are formulated with Harmful Ingredients. For example, the Fairytale Palette's product webpage does not include any warning language, purported disclaimers, or online statements that suggest or otherwise indicate that the product contains Harmful Ingredients (nor does its physical packaging).

***Purported Disclaimers on the Products' Packaging***

81.     The Products' physical packaging fails to provide any warning regarding the known dangers associated with the intended use of the Products.

---

[19]     https://www.morphe.com/collections/morphe-x-sour-patch-kids/products/morphe-x-sour-patch-kids-sour-then-sweet-artistry-palette (last accessed Feb. 17, 2022).

82.     Some of the Products' physical packaging includes the attempted disclaimer language or statements that otherwise appear on Defendants' website.

83.     For example, the Sour Patch Palette discussed above which has the attempted disclaimer language hidden during the entire online purchasing process, does not include any warning or attempted disclaimer language on its physical packaging.

84.     Instead, Morphe categorizes the Sour Patch Palette's individual shades as either "eyeshadow" or "pressed pigment" and prints two distinct lists on the back panel of the product's packaging without providing further explanation. (*See* Figure 9).



**Figure 9. Sour Patch Kids Eyeshadow Palette.**
Image of Product's Back Panel and Ingredients List.

85.     The tiny symbol of an eye with a line though it fails in every aspect to warn consumers of the known hazards associated with using the Products for their intended use.

86.     The substance and placement of this version of Defendants' attempted disclaimer falls far short of being a prominent and conspicuous warning detailing the potential risks and consequences that could result from using Morphe Eye Makeup for its intended use.

***Pressed Pigments are Eyeshadows***

87.     Defendants attempt to categorize certain Color Pans as "Pressed Pigments" is unfair, misleading, and deceptive based on the entirety of Defendants' marketing, advertising, and all other consumer-facing communications which, without exception, encourage and instruct consumers to use all Color Pans – both those categorized as pressed pigments and those categorized as eyeshadow in precisely the way: for cosmetic application around the eye area.

88.     Figure 10 depicts specific shades from the Sour Patch Palette, "Lime Burst" and "Lemon Squeeze," being used as eyeshadow even though Defendants categorizes both colors as "pressed pigments" that are "not intended for use in the eye area" on Defendants' website.



**Figure 10. South Patch Kids Eyeshadow Palette Promotional Image**
Model shown wearing "Lemon Squeeze" (bright yellow shade) and "Lime Burst" (neon green shade) on eyelid, eye crease, and surrounding eye area.

89.     Figure 11 also depicts "Lime Burst," "Watermelon Whoa," and "Pink Strawberry," (or a combination thereof) being used as eyeshadow even though Defendants designate all three shades as "pressed pigments" rather than eyeshadows.



**Figure 11. South Patch Kids Eyeshadow Palette Promotional Image**

90.    Morphe describes itself as a company that likes to "Blend the Rules," and that's exactly what it has done.

91.    Defendants' webpage explains, "[a]t Morphe, there are no rules. . . Dare to create. Push those boundaries. Make an impact. Show the world your true, vivid, exploding colors. You do you. And no one else. Blend the rules, Morphe Babe."[20]

92.    In keeping with this message, Defendants' have ignored federal regulations and have used deceptive and misleading language, such as "artistry palette" or "pressed pigments," in a dangerous attempt to avoid responsibility for endangering the safety of consumers by marketing the Products as eyeshadow despite the fact that the Products are not safe for cosmetic application around the eye area.

93.    Pressed pigments are indistinguishable from eyeshadow. The only reasonable and foreseeable use for Defendants' pressed pigments is as eyeshadow to be used for cosmetic application around the eye area.

94.    Similarly, artistry palettes are indistinguishable from eyeshadow palettes. The only reasonable and foreseeable use for Defendants' artistry palettes is as eyeshadow to be used for cosmetic application around the eye area.

95.    Defendants have engaged in unfair, unlawful, and fraudulent conduct because categorizing the Products as pressed pigments or artistry palettes, and using disclaimer language for particular Color Pans, subjects consumers to unreasonable risk of injury.

96.    Defendants' use of these euphemisms allows Defendants to sell the Products alongside its other eyeshadows even though the Products contain Harmful Ingredients and are unlawful to sell for cosmetic use in the eye area.

97.    Prior to Plaintiffs' purchases, Defendants knew or should have known the Products were unreasonably dangerous.  First and foremost, as discussed herein, the FDA regulations prohibiting the Harmful Ingredients in cosmetics intended for use on the eye put Defendants on notice that such use could cause injury.  Defendants' use of the euphemism "pressed pigments" and "artistry palettes" and its hidden disclaimers evidence Defendants' knowledge of the dangers

---

[20] www.morphe.com/pages/about-morphe

prompting the FDA's prohibitions on the use of the Harmful Ingredients for the Products' intended purpose.   However, instead of protecting consumers from these known dangers, Defendants chose to heed its own slogan and "blend the rules" by encouraging consumers to use the Products for cosmetic application on the eye area while fabricating meaningless euphemisms and hidden disclaimers which fail to inform consumers of the Products known dangers.

98.    In addition to the FDA regulations which put Defendants on notice of the Products known dangers, consumers have put Defendants on notice of these dangers directly.  Defendants' own website includes just a small sample of the complaints received.  For example:

Apr 30, 2019
★☆☆☆☆

**Looks amazing but stains my eyelids**

I bought this palette a few weeks ago for my birthday and I really really loved the colors and the amount of pigmentation is perfect but once I started using it more I realized that when I tried to remove the eyeshadow it actually stained my eyelids. Specifically when using the Sweet Beets and FOTD colors I could not get it off no matter how hard I tried. To remove it I tried using makeup wipes, Vaseline, and lotion along with washing my face with soap and water multiple times. Even the next... Read More

Mia T

Jul 17, 2019
★★☆☆☆

**Caused horrible irritation and burning sensation on my eyelids**

I usually love morphe palettes in general but this palette in specific caused me bad irritation on my eyelids. It kept them burning for two days and started getting puffy. Just be cautious while buying this palette.

Isa B.

May 2, 2020
★☆☆☆☆

The colors stained my eyes. Not sure if I would suggest this to anyone..

Yvonne

99.     Defendants knew or should have known that reasonable consumers would believe Morphe Eye Makeup is safe for use in the eye area because Defendants actively and openly instructed and encouraged consumers to use the Products as eyeshadow.

100.    Defendants engaged in this deliberate and willful pattern of conduct aimed at deceiving consumers, all while having full knowledge that the Products are defective, unreasonably dangerous, and unlawfully sold.

101.    Every consumer who purchased Morphe Eye Makeup was injured at the point of sale when, instead of obtaining a reasonably safe product, he/she obtained Defendants' unreasonably dangerous and defective product.

102.    Through its marketing, advertising, sales, and distribution efforts, Defendants made actionable statements that Morphe Eye Makeup was free of defects and safe and fit for its ordinary intended use and purpose.

103.    By marketing, advertising, selling, and distributing Morphe Eye Makeup to consumers throughout the United States, Defendants made actionable statements that the Products would not include prohibited ingredients that cause undisclosed safety risks.  Further, Defendants concealed what they knew or should have known about the safety risks resulting from the Products inherent defect.

104.    Defendants engaged in the above-described actionable statements, omissions, and concealments with knowledge that the representations were false and/or misleading, and likely to mislead reasonable consumers.

105.    Alternatively, Defendants were reckless in not knowing that these statements, omissions, and concealments were false and misleading at the time they were made.

106.    Defendants had and continue to have exclusive access to data pertaining to the product Defect that Plaintiffs and putative Class Members could not and did not have.

107.    Therefore, Plaintiffs, on behalf of themselves and similarly situated consumers, hereby bring this action for violations of various state and federal laws.

108.    On March 18, 2022, pursuant to the California Legal Remedies Act (Civil Code §§ 1750, et seq.), Plaintiffs put Defendants on written notice of the violations alleged herein.

109.    Plaintiffs informed Defendants that Morphe Eye Makeup cannot be legally sold in the United States.  Plaintiffs further informed Defendants of the significant risk of physical injury to consumers resulting from Morphe Eye Makeup's intended use.

## PLAINTIFFS' EXPERIENCES

### Plaintiff Crystal Damato on behalf of herself and her minor child

110.    Plaintiff Crystal Damato brings claims on behalf of herself and her minor child who purchased and used Morphe Eye Makeup products for personal cosmetic use, including the Morphe 35D, Morphe 35M, and James Charles eyeshadow palettes.

111.    Plaintiffs Damato resides in Rodeo, California and purchased the Products on multiple occasions between 2018 and 2021 for her personal use and for use by her minor child. The Products were purchased at a nearby Ulta Beauty store and online through www.morphe.com.

112.    Plaintiff Damato and her minor child were exposed to and relied on Defendants' representations in the form of advertisements, promotional images, marketing materials, social media posts, and other official statements, and Defendants' representations led them to believe that Morphe Eye Makeup was safe for its intended use: cosmetic application to the eye area.

113.    At the time of purchase, Plaintiff Damato and her minor child were not aware of any warnings, safety issues, or instructions for use indicating that Morphe Eye Makeup is not safe or fit for use in the eye.

114.    Similarly, Plaintiff Damato and her minor child were not aware of any warnings or disclosures that the Products they purchased contained harmful color additives that are not safe for application to the eye.

115.    However, at the time of purchase, the Morphe 35D, Morphe 35M, and James Charles eyeshadow palettes each contained harmful color additives that are not safe for use in the eye area.

116.    Defendants' representations and statements regarding the Products are false and misleading because: (1) the Products are designed, formulated, and/or manufactured with Harmful Ingredients which render them unsafe and unfit for their intended use and purpose

(cosmetic application to the eye area); (2) Morphe Eye Makeup is designed, formulated, and manufactured with substandard materials and/or construction which results in adulterated and/or misbranded Products that are unlawful to sell; and (3) Defendants' deceptively omitted and concealed these and other material facts from Plaintiff Damato..

117.    Plaintiff Damato's minor child used the Products in a reasonably foreseeable manner when she applied them to her eye area. As a result of using the Products as intended, Plaintiff Damato's minor child suffered from severe eye irritation that required medical intervention. At the time of this incident, the minor was of a suitable age to use Morphe Eye Makeup.

118.    As a result of Defendants' deceptive misrepresentations and fraudulent business practices, Plaintiffs and Class Members suffered injury and loss of money, including but not limited to: (1) Plaintiff Damato and her minor child did not receive any of the advertised benefits as described above; (2) Plaintiff Damato and her minor child paid for Morphe Eye Makeup products that are unsafe by virtue of their design, formulation, construction, or workmanship; and (3) Plaintiff Damato and her minor child paid more for Morphe Eye Makeup products than they are worth because the Products, by virtue of being formulated with and/or containing Harmful Ingredients, are misbranded, mislabeled, adulterated, and worthless.

119.    If Plaintiff Damato and her minor child had known that the Products are unfit for their intended use and defective, and that the representations made by Defendants were false and misleading, she would not have purchased the Products or would have paid substantially less than she did. Therefore, Plaintiff Damato did not receive the benefit of her bargain

***Plaintiff Amanda Montgomery***

120.    Plaintiff Amanda Montgomery resides in San Diego, California and started using Morphe Eye Makeup in 2017.

121.    Plaintiff Montgomery purchased several of the Products for personal cosmetic use online from www.morphe.com, and Plaintiff Montgomery's most recent purchase occurred in 2020.

122.     Plaintiff Montgomery was exposed to and observed Defendants' representations in the form of advertisements, promotional images, marketing materials, social media posts, and other official statements, which caused her to believe that Morphe Eye Makeup was safe for its intended use.

123.     Plaintiff Montgomery relied on Defendants' representations when she decided to purchase and use various Morphe Eye Makeup products, including the 3502, 35R, and Jaclyn Hill eyeshadow palettes.

124.     At the time of purchase, Plaintiff Montgomery was not aware of any warnings, safety issues, or instructions for use indicating that Morphe Eye Makeup is not safe or fit for use in the eye area.

125.     Similarly, Plaintiff Montgomery was not aware of any warnings or disclosures that the 3502, 35R, and Jaclyn Hill eyeshadow palettes contain color additives that are not safe or approved by the FDA for application to the eye area. However, at the time of purchase, each product Plaintiff Montgomery selected contained Harmful Ingredients.

126.     All of Defendants' representations and statements are false and misleading because: (1) the Products are designed, formulated, and/or manufactured with Harmful Ingredients which render them unsafe and unfit for their intended use and purpose (cosmetic application to the eye area); (2) Morphe Eye Makeup is designed, formulated, and manufactured with substandard materials and/or construction which results in adulterated and/or misbranded Products that are unlawful to sell; and (3) Defendants' deceptively omitted and concealed these and other material facts from Plaintiff Montgomery and other reasonable consumers.

127.     Plaintiff Montgomery used Morphe Eyeshadow in eye area and suffered skin staining as a result of using Defendants' Products in their intended and reasonably foreseeable manner. Plaintiff Montgomery repeatedly scrubbed her eyelids and eye area with makeup remover, but it did not remove the stains or discoloration the Products caused. When Plaintiff Montgomery woke up the following morning, her eyelids and general eye area were still stained and inflamed as a result of using Morphe Eye Makeup. Defendants knew or should have known that the Products' Defect could cause staining and discoloration.

128.    As a result of Defendants' deceptive misrepresentations and fraudulent business practices, Plaintiff Montgomery suffered injury and loss of money, including but not limited to: (1) Plaintiff Montgomery did not receive any of the advertised benefits as described above; (2) Plaintiff Montgomery paid for Morphe Eye Makeup products that are unsafe by virtue of their design, formulation, construction, or workmanship; and (3) Plaintiff Montgomery paid more for Morphe Eye Makeup products than they are worth because the Products, by virtue of being formulated with and/or containing Harmful Ingredients, are misbranded, mislabeled, adulterated, and worthless.

129.    If Plaintiff Montgomery had known that the Products are unfit for their intended use and defective, and that the representations made by Defendants were false and misleading, she would not have purchased the Products or would have paid substantially less than she did. Therefore, Plaintiff Montgomery did not receive the benefit of her bargain.

***Plaintiff Taylor Maxwell***

130.    Plaintiff Taylor Maxwell resides in Wahiawa, Hawaii and purchased Morphe Eye Makeup products for personal cosmetic use at an Ulta Beauty store located in Clarksville, Tennessee on several occasions between 2018 and 2020.

131.    Plaintiff Maxwell was exposed to and reasonably relied on Defendants' representations about Morphe Eye Makeup when she selected the Morphe 35O, Morphe 35M, Morphe 35W, Morphe 9C, and Jaclyn Hill eyeshadow palettes for purchase.

132.    At the time of purchase, Plaintiff Maxwell was not aware of any warnings, safety issues, or instructions for use indicating that Morphe Eye Makeup is not safe or fit for use in the eye area.

133.    Similarly, Plaintiff Maxwell was not aware of any warnings or disclosures that the Morphe 35O, Morphe 35M, Morphe 35 W, Morphe 9C, and Jaclyn Hill eyeshadow palettes contain harmful color additives that are not safe for application to the eye area.

134.    However, at the time of purchase, each product Plaintiff Maxwell selected contained Harmful Ingredients.

135.    All of Defendants' representations and statements are false and misleading because: (1) the Products are designed, formulated, and/or manufactured with Harmful Ingredients which render them unsafe and unfit for their intended use and purpose (cosmetic application to the eye area); (2) Morphe Eye Makeup is designed, formulated, and manufactured with substandard materials and/or construction which results in adulterated and/or misbranded Products that are unlawful to sell; and (3) Defendants' deceptively omitted and concealed these and other material facts from Plaintiff Maxwell and other Class Members.

136.    Plaintiff Maxwell used Morphe Eye Makeup as eye shadow because she did not know that it contained harmful ingredients that are not safe or FDA approved for use in the eye area. Plaintiff Maxwell suffered from skin staining as a result of using the Products in the eye area. Several individual shades contained in the Morphe 35O, Morphe 35M, Morphe 35W, Morphe 9C, and Jaclyn Hill eyeshadow palettes caused Plaintiff Maxwell's skin staining, but the purple, red, and pink shades caused the most prominent staining, lasting up to 24 hours after use.

137.    As a result of Defendants' deceptive misrepresentations and fraudulent business practices, Plaintiff Maxwell suffered injury and loss of money, including but not limited to: (1) Plaintiff Maxwell did not receive any of the advertised benefits as described above; (2) Plaintiff Maxwell paid for Morphe Eye Makeup products that are unsafe by virtue of their design, formulation, construction, or workmanship; and (3) Plaintiff Maxwell paid more for Morphe Eye Makeup products than they are worth because the Products, by virtue of being formulated with and/or containing Harmful Ingredients, are misbranded, mislabeled, adulterated, and worthless.

138.    If Plaintiff Maxwell had known that the Products are unfit for their intended use and defective, and that the representations made by Defendants were false and misleading, she would not have purchased the Products or would have paid substantially less than she did. Therefore, Plaintiff Maxwell did not receive the benefit of her bargain.

**TOLLING AND ESTOPPEL OF STATUTE OF LIMITATIONS**

139.    Defendants are, and at all relevant times have been, under a continuous duty to disclose to Plaintiffs and other Class Members the true character, quality, and nature of the defect plaguing Morphe Eye Makeup.

140.    Defendants actively concealed the true character, quality, and nature of the Products and knowingly made misrepresentations about Morphe Eye Makeup's safety, quality, characteristics, and performance.

141.    Defendants had actual knowledge that the Products contain dangerous defects—by virtue of being formulated and manufactured with Harmful Ingredients—but did not alert Plaintiffs or Class Member to the defect or dangers associated with the Products' intended use (application to the eye area).

142.    Defendants' advertisements, marketing materials, tutorials, social media posts, and other representations suppress the fact Morphe Eye Makeup is manufactured with and/or contains Harmful Ingredients that are not safe or FDA approve for use in the eye area.

143.    Similarly, Defendants' business practices, including the use of misleading phrases like "pressed pigment" and "artistry palette," obscure and conceal the fact that Morphe Eye Makeup cannot lawfully be sold for its intended and stated purpose.

144.    Plaintiffs and Class Members reasonably relied upon Defendants' misrepresentations and/or active concealment of these facts and suffered injuries as a proximate result of their justifiable reliance.

145.    Accordingly, Plaintiffs and Class Members' lack of awareness was not attributable to a lack of diligence on their part.

146.    As a result of Defendants' active concealment of the Defect and/or failure to inform Plaintiffs and Class Members of the Defect, any and all applicable statutes of limitations otherwise applicable to the allegations herein have been tolled. Furthermore, Defendants are estopped from relying on any statutes of limitations in light of its active concealment of the defective nature of Morphe Eye Makeup.

147.    Further, the causes of action alleged herein did not occur until Plaintiffs and Class Members discovered that Morphe Eye Makeup is defective, misbranded, and unfit for its intended purpose.

## FED. R. CIV. P. 9(b) ALLEGATIONS

### (Affirmative and By Omission)

148.    Although Defendants are in the best position to know what content was placed on Defendants' websites, social media account, and other marketing materials during the relevant timeframe, to the extent necessary, Plaintiffs satisfy the requirements of Rule 9(b) by alleging the following facts with sufficient particularity:

149.    WHO: Defendants and their agents made material misrepresentations and/or omissions of fact in their manufacture, distribution, labeling, and marketing of Morphe Eye Makeup products, which includes statements indicating that Morphe Eye Makeup is not defective, is of high-quality, and is suitable for its intended purpose—application to the eye area.

150.    WHAT: Defendants conduct here was, and continues to be, fraudulent because Defendants omitted and concealed that Morphe Eye Makeup is defective, formulated and manufactured with color additives that are prohibited for its intended use, and could present a health and safety hazard when used as intended. Defendants' employees and authorized agents and representatives made affirmative misrepresentations to Plaintiffs and Class Members regarding the same qualities. Further, Defendants' conduct deceived Plaintiffs and Class Members into believing that Morphe Eye Makeup is not defective, is high-quality, and is safe to use as intended. Defendants knew or should have known this information is material to reasonable consumers, including Plaintiffs and Class Members in making their purchasing decisions, yet Defendants omitted warnings and statements indicating that the Products suffer from the Defect.

151.    WHEN: Defendants made material misrepresentations and/or omissions detailed herein continuously throughout the applicable class periods.

152.    WHERE: Defendants' material misrepresentations and/or omissions were made: (1) on the Products labels and packaging (all of which are sold nationwide), (2) on Defendants' website(s) and social media accounts; (3) through the Products respective marketing materials, promotional images, and advertising campaigns, and (4) through statements made by Defendants' employees, agents, and collaborators.

153.    HOW: Defendants made misrepresentations and/or failed to disclose material facts regarding the true safety risks of the Products in written form, electronic form, or conventional hardcopy form, as well as verbally through statements made by its employees.

154.    WHY: Defendants made the material misrepresentations and/or omissions detailed herein for the express purpose of inducing Plaintiffs, Class Members, and all reasonable consumers to purchase Morphe Eye Makeup for its intended purpsoe, the effect of which was that Defendants profited by selling Morphe Eye Makeup to thousands of consumers.

155.    INJURY: Plaintiffs and Class Members purchased or paid more for Morphe Eye Makeup than they otherwise would have absent Defendants' misrepresentations and/or omissions. Further, Morphe Eye Makeup continues to pose unreasonable safety risks and causes consumers to incur unnecessary and unreasonable out-of-pocket expenses when manifestation of the Defect occurs.

## CLASS ACTION ALLEGATIONS

156.    Plaintiffs bring this action individually and as representatives of all those similarly situated, pursuant to Fed. R. Civ. P. 23, on behalf of the below-defined Classes:

**Nationwide Class**:
All persons residing in the United States who purchased Morphe Eye Makeup during the maximum period permitted by law.

**California Class**:
All persons residing in the State of California who purchased Morphe Eye Makeup during the maximum period permitted by law.

**Tennessee Class**:
All persons residing in the State of Tennessee who purchased Morphe Eye Makeup during the maximum period permitted by law.

157.    Specifically excluded from these definitions are: (1) Defendants, any entity in which Defendants has a controlling interest, and its legal representatives, officers, directors, employees, assigns and successors; (2) the Judge to whom this case is assigned and any member of the Judge's staff or immediate family; and (3) Class Counsel.

158.     Plaintiffs seek only damages and equitable relief on behalf of themselves and the putative Classes.

159.     **Numerosity**:  The Members of the Classes are so numerous that joinder of all Members is impracticable.  While the exact number of putative Class Members is presently unknown, it likely consists of tens of thousands of people geographically disbursed throughout the United States.  The number of putative Class Members can be determined by sales information and other records in Defendants' possession.  Moreover, joinder of all putative Class Members is not practicable given their numbers and geographic diversity.  The Classes are readily  identifiable from information and records in the possession of Defendants and their authorized retailers.

160.     **Typicality**: The claims of the representative Plaintiffs are typical in that Plaintiffs, like all putative Class Members, purchased Morphe Eye Makeup that was designed, formulated, manufactured, marketed, advertised, distributed, and sold by Defendants.  Plaintiffs, like all putative Class Members, have been damaged by Defendants' misconduct in that, *inter alia*, Plaintiffs incurred or will continue to incur damages as a result of overpaying for defective Morphe Eye Makeup which makes the Products inherently dangerous and not fit for its intended use.  Furthermore, the factual basis of Defendants' misconduct is common to all putative Class Members because Defendants have engaged, and continue to engage, in systematic fraudulent behavior that was and is deliberate, includes negligent misconduct, and results in the same injury to all putative Class Members.

161.     **Commonality**:  Common questions of law and fact exist as to all putative Class Members.  These questions predominate over questions that may affect only individual Class Members because Defendants have acted on grounds generally applicable to the Classes.  Such common legal or factual questions include, *inter alia*:

(a)   Whether Morphe Eye Makeup is defective;

(b)   Whether Morphe Eye Makeup is defectively designed and/or manufactured;

(c)   Whether Morphe Eyes Makeup is dangerous;

(d)   Whether Defendants knew or reasonably should have known about the Defect prior to distributing and selling Morphe Eye Makeup to Plaintiffs and the putative

Classes;

(e) Whether Defendants knew or reasonably should have known Morphe Eye Makeup was dangerous when Defendants packaged, marketed, advertised, specified, instructed, encouraged, and otherwise represented that Morphe Eye Makeup was intended for use in the eye area;

(f) Whether Defendants concealed from, omitted, and/or failed to disclose to Plaintiffs and the putative Classes the dangers associated with Morphe Eye Makeup as a result of the Products' Harmful Ingredients;

(g) Whether Defendants breached the implied warranty of merchantability and the Song-Beverly Consumer Warranty Act, relating to Morphe Eye Makeup;

(h) Whether Defendants engaged in unfair, unconscionable, or deceptive trade practices by selling and/or marketing defective and/or misbranded Morphe Eye Makeup;

(i) Whether Defendants violated Cal. Bus. & Prof. Code § 17500, *et seq.* (FAL);

(j) Whether Defendants violated Civil Code §§ 1750, *et seq.* (CLRA);

(k) Whether Defendants violated Cal. Bus. & Prof. Code §§ 17200, *et seq.* (UCL);

(l) Whether Defendants violated N.Y. GBL §§ 349, *et seq.*

(m) Whether Defendants violated N.Y. GBL §§ 350, *et seq.*

(n) Whether Defendants were negligent in their failure to adequately test;

(o) Whether Defendants were negligent in their failure to warn;

(p) Whether Defendants are strictly liable for their defective design and/or manufacture of Morphe Eye Makeup;

(q) Whether Plaintiffs and the putative Classes are entitled to damages, including compensatory, exemplary, and statutory damages, and the amount of any such damages;

(r) Whether Defendants should be enjoined from selling and marketing their defective Morphe Eye Makeup;

(s) Whether Defendants should be enjoined from selling, promoting, and advertising

that Morphe Eye Makeup—including the neon shades it is known for—are safe and fit for use in the eye area when, in fact, the Products contain color additives that are prohibited for use in the eye area; and

(t)   Other issues which may be revealed in discovery.

162.   **Adequate Representation**:   Plaintiffs will fairly and adequately protect the interests of putative Class Members.  Plaintiffs have no interests that are antagonistic to those of putative Class Members. Plaintiffs retained attorneys experienced in the prosecution of class actions, including consumer and product defect class actions, and Plaintiffs intend to prosecute this action vigorously.

163.   **Injunctive/Declaratory Relief**:   The elements of Rule 23(b)(2) are met. Defendants will continue to commit the unlawful practices alleged herein, and putative Class Members will remain at an unreasonable and serious safety risk as a result of the Defect. Defendants have acted and refused to act on grounds that apply generally to the putative Classes, such that final injunctive relief and corresponding declaratory relief is appropriate respecting the Classes as a whole.

164.   **Predominance and Superiority**:  Plaintiffs and putative Class Members have all suffered and will continue to suffer harm and damages as a result of Defendants' unlawful and wrongful conduct.  A class action is superior to other available methods for the fair and efficient adjudication of the controversy.  Absent a class action, putative Class Members would likely find the cost of litigating their claims prohibitively high and would therefore have no effective remedy at law.  Because of the relatively small size of putative Class Members' individual claims, it is likely that few putative Class Members could afford to seek legal redress for Defendants' misconduct.  Absent a class action, putative Class Members will continue to incur damages, and Defendants' misconduct will continue without remedy.  Class treatment of common questions of law and fact would also be a superior method to multiple individual actions or piecemeal litigation in that class treatment will conserve the resources of the courts and the litigants and will promote consistency and efficiency of adjudication.

165.   Plaintiffs are not aware of any potential issues that would preclude the maintenance of this class action.

166.   Defendants have acted or refused to act on grounds generally applicable to the putative Classes, thereby making final injunctive relief or corresponding declaratory relief with respect to the putative Classes appropriate.

## FIRST CLAIM FOR RELIEF
**Breach of Implied Warranties and Song-Beverly Consumer Warranty Act
California Civil Code §§ 1790, *et seq.*
(Plaintiffs Damato, Montgomery, and Maxwell, individually and on behalf of the
Nationwide Class)**

167.   Plaintiffs reassert the allegations set forth in all preceding paragraphs and incorporate such allegations by reference as if fully set forth herein.

168.   Plaintiffs bring this cause of action against Defendants individually and on behalf of the Nationwide Class.

169.   As described above, Plaintiffs have standing to pursue this claim because each named Plaintiff has suffered an injury-in-fact and has lost money or property as a result of Defendants' conduct.

170.   Defendants were at all relevant times the manufacturer, distributor, warrantor, and/or seller of Morphe Eye Makeup.  Defendants knew or had reason to know of the specific use for which Morphe Eye Makeup was purchased, as evidenced by Defendants' marketing efforts, website(s), social media accounts, advertisements, and other statements that promote and encourage consumers to use the Products in the eye area.

171.   By placing Morphe Eye Makeup into the stream of commerce, Defendants provided Plaintiffs and Nationwide Class Members with implied warranties that Morphe Eye Makeup was merchantable and fit for the ordinary purposes for which it was sold.

172.   However, Morphe Eye Makeup is not fit for its ordinary purpose—use in the eye area—because it contains a Defect that renders the Products unreasonably dangerous and unsuitable for its intended use.

173. The problems associated with the Defect, such as staining of the skin and irritation of the eyes and surrounding area, prevents Morphe Eye Makeup from being safely used for its intended purpose, and thus constitutes a breach of the implied warranty of merchantability. These problems are caused by Defendants' failure to adequately disclose to or warn Plaintiffs and consumers of the Defect and that Morphe Eye Makeup is not safe to use in the eye area because it poses a significant risk of injury.

174. The Defect was undiscoverable by Plaintiffs and Nationwide Class Members at the time that they purchased Morphe Eye Makeup.

175. Defendants impliedly warranted that Morphe Eye Makeup was of merchantable quality and fit for such use. These implied warranties included, among other things: (i) a warranty that Morphe Eye Makeup manufactured, supplied, distributed, and/or sold by Defendants was safe and reliable for use as eyeshadow, eyeliner, or other cosmetic use in the eye area; and (ii) a warranty that Morphe Eye Makeup would be fit for its intended use.

176. Contrary to the applicable implied warranties, Morphe Eye Makeup, at the time of sale and thereafter, was not fit for its ordinary and intended purpose of providing Plaintiffs and Nationwide Class Members with a cosmetic product that can be safely applied to the eye area without risk of injury. Instead, Morphe Eye Makeup suffers from a defective design and/or defective manufacturing, as alleged herein.

177. Defendants' actions, as complained of herein, breached the implied warranties that Morphe Eye Makeup was of merchantable quality and fit for such use in violation of Cal. Civ. Code §§ 1791.1 and 1792.

178. Defendants' intended beneficiaries of these implied warranties were ultimately Plaintiffs and the Nationwide Class, not third-party retailers, resellers, or distributors who sold the product. Moreover, Defendants exercised substantial control over which outlets can carry and sell Morphe Eye Makeup, which are the same places that Plaintiffs and Nationwide Class Members purchased the Products. In addition, Defendants' warranties are in no way designed to apply to the third-party retailers, resellers, or distributors who purchase the Products in bulk

and then sell it on an individual basis to consumers. Accordingly, these warranties are specifically designed to benefit the individual consumers who purchased Morphe Eye Makeup.

179. Plaintiffs and Nationwide Class Members sustained damages as a direct and proximate result of Defendants' breaches in that they paid an amount for the product that they would not have otherwise paid. Plaintiffs and the Nationwide Class also did not receive the value of the product they paid for—the products are worthless or worth far less than Defendants represent due to the Defect.

180. Defendants' conduct described in this complaint constitutes a breach of implied warranties under UCC §§ 2-314 and 2-315, as adopted in whole or in substance by statutes in all 50 states and the District of Columbia:

> Ala. Code § 7-2-314, *et seq.*; Alaska Stat. § 45.02.314, *et seq.*; Ariz. Rev. Stat. § 47-2314, *et seq.*; Ark. Code § 4-2-314, *et seq.*; Cal. Com. Code § 2314, *et seq.*; Colo. Rev. Stat. § 4-2-314, *et seq.*; Conn. Gen. Stat. § 42a-2-314, *et seq.*; 6 Del. C. § 2-314, *et seq.*; D.C. Code § 28:2-314, *et seq.*; Fla. Code § 672.314, *et seq.*; O.C.G.A. § 11-2-314, *et seq.*; Haw. Rev. Stat. § 490:2-314, *et seq.*; Idaho Code § 28-2-314, *et seq.*; 810 Ill. Comp. Stat. 5/2-314, *et seq.*; Ind. Code § 26-1-2-314, *et seq.*; Iowa Code § 554.2314, *et seq.*; Kan. Stat. § 84-2-314, *et seq.*; Ky. Rev. Stat. § 355.2-314, *et seq.*; La. Rev. Stat § 9:2800.53(6), *et seq.*; 11 M.R.S.A. § 2-314, *et seq.*; Md. Code Ann., Com. Law § 2-314, *et seq.*; Mass. Code 106, § 2-314, *et seq.*; Mich. Comp. Laws 440.2314, *et seq.*; Minn. Stat. § 336.2-314, *et seq.*; Miss. Code § 75-2-314, *et seq.*; Mo. Rev. Stat. § 400.2-314, *et seq.*; Mont. Code § 30-2-314, *et seq.*; Neb. U.C.C. § 2-314, *et seq.*; Nev. Rev. Stat. § 104.2314, *et seq.*; N.H. Rev. Stat. § 382-A:2-314, *et seq.*; N.J. Stat. § 12A:2-314, *et seq.*; N.M. Stat. § 55-2-314, *et seq.*; N.Y. U.C.C. § 2-314, *et seq.*; N.C. Gen. Stat. § 25-2-314, *et seq.*; N.D. Cent. Code § 41-02-30, *et seq.*; Ohio Rev. Code § 1302.26, *et seq.*; Okla. Stat. Tit. 12A, § 2-314, *et seq.*; Or. Rev. Stat. § 72.3130, *et seq.*; 13 Pa. Cons. Stat. § 2314, *et seq.*; R.I. Gen. Laws § 6A-2-314, *et seq.*; S.C. Code § 36-2-313, *et seq.*; S.D. Codified Laws § 57A-2-313, *et seq.*; Tenn. Code § 47-2- 314, *et seq.*; V.T.C.A., Bus. & C. § 2.314, *et seq.*; Utah Code § 70A-2-314, *et seq.*; Vt. Stat. Tit. 9A, § 2-314, *et seq.*; Va. Code § 8.2-314, *et seq.*; Wash. Rev. Code § 62A.2-314, *et seq.*; W. Va. Code § 46-2-314, *et seq.*; Wis. Stat. § 402.314, *et seq.*; and Wyo. Stat. § 34.1-2-314, *et seq.*

181. Plaintiffs and the Nationwide Class have sustained, are sustaining, and will sustain damages if Defendants continue to engage in such deceptive, unfair, and unreasonable conduct.

182.  As a result of the breach of the implied warranty of merchantability, Plaintiffs and Nationwide Class Members are entitled to legal and equitable relief, including injunctive relief, damages, attorneys' fees, litigation expenses and costs, rescission, and/or other relief as deemed appropriate, for an amount to compensate them for not receiving the benefit of their bargain.

**SECOND CLAIM FOR RELIEF**
**(IN THE ALTERNATIVE)**
**Unjust Enrichment**
**(Plaintiffs Damato, Montgomery, and Maxwell individually and on behalf of the Nationwide Class)**

183.  Plaintiffs reassert the allegations set forth in all preceding paragraphs and incorporate such allegations by reference as if fully set forth herein.

184.  This alternative claim is asserted on behalf of Plaintiffs and Nationwide Class Members to the extent there is any determination that any warranties extended to Plaintiffs and Nationwide Class Members by Defendants do not govern the subject matter of the disputes with Defendants, or that Plaintiffs do not have standing to assert such claims against Defendants.

185.  Plaintiffs and Nationwide Class Members conferred a monetary benefit on Defendants, and Defendants received and had knowledge of this benefit.  The retail price for each Product ranges from $18.00 to $45.00.

186.  By their wrongful acts and omissions described herein, including selling defective Morphe Eye Makeup, Defendants were unjustly enriched at the expense of Plaintiffs and Nationwide Class Members.

187.  Plaintiffs and Nationwide Class Members' detriment and Defendants' enrichment were related to and flowed from the wrongful conduct alleged herein.

188.  Defendants have profited from their unlawful, unfair, misleading, and deceptive practices at the expense of Plaintiffs and Nationwide Class Members under circumstances in which it would be inequitable for Defendants to retain the profits, benefits, and other

compensation obtained from their wrongful conduct, as described herein in connection with selling the defective Morphe Eye Makeup.

189.    Plaintiffs and Nationwide Class Members have been damaged as a direct and proximate result of Defendants' unjust enrichment because they would not have purchased the Morphe Eye Makeup on the same terms or for the same price if they had known that the Products were defective or contained federally prohibited ingredients at the time of purchase.

190.    Defendants either knew or should have known that payments rendered by Plaintiffs and Nationwide Class Members were given and received with the expectation that Morphe Eye Makeup was free of defects and was capable of providing the benefits represented by Defendants in the labeling, marketing, and advertising of the Products.  It is inequitable for Defendants to retain the benefit of payments under these circumstances.

191.    Plaintiffs and Nationwide Class Members seek restitution from Defendants and an order from this Court proportionally disgorging all profits, benefits, and other compensation obtained by Defendants from their wrongful conduct and establishing a constructive trust from which Plaintiffs and Nationwide Class Members may seek restitution.

192.    When required, Plaintiffs and Nationwide Class Members are in privity with Defendants because Defendants' sale of Morphe Eye Makeup was either direct or through authorized third-party retailers and resellers.  Purchases through authorized retailers and resellers are sufficient to create privity because authorized third parties are Defendants' agents for the purpose of selling Morphe Eye Makeup.

193.    As a direct and proximate result of Defendants' wrongful conduct and unjust enrichment, Plaintiffs and Nationwide Class Members are entitled to restitution of, disgorgement of, and/or imposition of a constructive trust upon all profits, benefits, and other compensation obtained by Defendants for their inequitable and unlawful conduct.

**THIRD CLAIM FOR RELIEF**
**Violation of the California False Advertising Law ("FAL")**
**California Business and Professions Code §§ 17500, *et seq.***
**(Plaintiffs Damato and Montgomery individually and on behalf of the California Class)**

194.     Plaintiffs reassert the allegations set forth in all preceding paragraphs and incorporate such allegations by reference as if fully set forth herein.

195.   Plaintiffs bring this cause of action against Defendants individually and on behalf of the California Class.

196.   The conduct described herein took place within the state of California and constitutes deceptive or false advertising in violation of California Business and Professions Code §§ 17500, *et seq.*

197.   California Business and Professions Code §§ 17500, *et seq.* prohibits deceptive or misleading practices in connection with advertising or representations made for the purpose of inducing, or which are likely to induce, consumers to purchase products.

198.     Defendants, when they marketed, advertised, and sold Morphe Eye Makeup, represented to Plaintiffs and California Class Members that Morphe Eye Makeup was free of defects and safe when, in reality, the Products contained Harmful Ingredients that render them defective and unsafe.

199.     At the time of their misrepresentations and/or omissions, Defendants were either aware that Morphe Eye Makeup was defective and unsafe or were aware that they lacked the information and/or knowledge required to make such a representation truthfully.  Defendants concealed, omitted, and failed to disclose this information to Plaintiffs and California Class Members.

200.     Defendants' packaging and product descriptions were false, misleading, and likely to deceive Plaintiffs and other reasonable consumers about the true nature of Morphe Eye Makeup and the fact that it should not be used in the eye area.

201.     Defendants' conduct therefore constitutes deceptive or misleading advertising.

202.     Plaintiff Damato and Plaintiff Montgomery have standing to pursue claims under the FAL because they reasonably reviewed and relied on Defendants' packaging, advertising, representations, and marketing materials when selecting and purchasing Morphe Eye Makeup.

203.     In reliance on the statements made in Defendants' advertising and marketing materials, and Defendants' omissions and concealment of material facts regarding the quality and use of Morphe Eye Makeup, Plaintiffs and California Class Members purchased Morphe Eye Makeup.

204.     Had Defendants disclosed the true defective nature of Morphe Eye Makeup, Plaintiffs and California Class Members would not have purchased the Products or would have paid substantially less for them.

205.     As a direct and proximate result of Defendants' actions, as set forth herein, Defendants have received ill-gotten gains and/or profits, including but not limited to money from Plaintiff Damato, Plaintiff Montgomery, and California Class Members who purchased Morphe Eye Makeup.

206.     Plaintiffs and California Class Members seek injunctive relief, restitution, and disgorgement of any monies wrongfully acquired or retained by Defendants and by means of their deceptive or misleading representations, including monies already obtained from Plaintiffs and California Class Members as provided for by the California Business and Professions Code §§ 17500, *et seq.*

**<u>FOURTH CLAIM FOR RELIEF</u>**
**Violation of the California Consumer Legal Remedies Act**
**("CLRA"), Civil Code §§ 1750, *et seq.***
**(Plaintiffs Damato and Montgomery individually and on behalf of the California Class)**

207.     Plaintiffs Damato and Montgomery reassert the allegations set forth in all preceding paragraphs and incorporate such allegations by reference as if fully set forth herein.

208.     Plaintiffs Damato and Montgomery bring this cause of action individually and on behalf of the California Class.

209.    The conduct described herein took place in the state of California and constitutes unfair methods of competition or deceptive acts or practices in violation of the Consumers Legal Remedies Act ("CLRA"), Civil Code §§ 1750, *et seq.*

210.    The CLRA applies to all claims of all California Class Members because the conduct which constitutes violations of the CLRA by Defendants occurred within the state of California.

211.    Plaintiffs and California Class Members are "consumers" as defined by Civil Code § 1761(d) because they purchased Morphe Eye Makeup for personal or household use.

212.    Defendants are "person[s]" as defined by Civil Code § 1761(c).

213.    The Products are "goods" as defined by Civil Code § 1761(a).

214.    Plaintiffs and California Class Members' purchases of Morphe Eye Makeup are "transactions" as defined by Civil Code 25 § 1761(e).

215.    As set forth below, the CLRA deems the following unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which does result in the sale or lease of goods or services to any consumer as unlawful.

    (a)    "Representing that goods … have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have." Civil Code § 1770(a)(5); and

    (b)    "Representing that goods … are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another." Civil Code § 1770(a)(7).

216.    Defendants engaged in unfair competition or unfair or deceptive acts or practices in violation of Civil Code §§ 1770(a)(5) and (a)(7) when they represented, through their advertising and other express representations, that Morphe Eye Makeup had benefits or characteristics that it did not actually have.

217.    As detailed in the body of this complaint, Defendants have repeatedly engaged in conduct that violates the CLRA and have made false representations and statements to consumers about Morphe Eye Makeup's benefits, characteristics, and quality. Indeed, Defendants

concealed, omitted, and failed to disclose information and facts about the Products which are material to Plaintiffs and California Class Members.

218.    Morphe Eye Makeup was not and is not "reliable," in that the product is not safe and is of inferior quality and trustworthiness compared to other products in the industry.  As detailed above, Defendants further violated the CLRA when they falsely represented that Morphe Eye Makeup meets a certain standard or quality.

219.    As detailed above, Defendants violated the CLRA when they advertised Morphe Eye Makeup with the intent not to sell the Product as advertised and knew that Morphe Eye Makeup was not as represented.

220.    Defendants' deceptive practices were specifically designed to induce Plaintiffs and California Class Members to purchase Morphe Eye Makeup.

221.    Defendants engaged in uniform marketing efforts in order to reach and persuade Plaintiffs and California Class Members to purchase Morphe Eye Makeup.  Defendants' packaging, advertising, marketing, website, and retail product identification and specifications, contain numerous omissions as well as false and misleading statements regarding the quality, safety, and reliability of Morphe Eye Makeup.

222.    Despite Defendants omissions and representations, Defendants also concealed information and material facts from Plaintiff Damato, Plaintiff Montgomery, and California Class Members, who reasonably relied on Defendants' representations and omissions of material facts.

223.    Defendants' business practices are misleading and/or likely to mislead reasonable consumers and should be enjoined.

224.    On March 18, 2022, Plaintiffs provided written notice to Defendants demanding corrective actions pursuant to the Consumers Legal Remedies Act ("CLRA"), California Civil Code § 1770, *et seq*.  Plaintiffs will amend this complaint to add claims for monetary damages if Defendants fail to take the corrective actions.

225.    In accordance with Civil Code § 1780(a), Plaintiffs and California Class Members seek injunctive and equitable relief for Defendants' violations of the CLRA, including an injunction to enjoin Defendants from continuing their deceptive advertising and sales practices.

226.   Plaintiffs also seek punitive damages. Defendants' conduct in deceiving customers and the public, including Plaintiffs, about the serious health consequences of using Morphe Eye Makeup for its intended purpose, concealing material information about the Products' ingredients, and continuing to launch new products with the identical safety defect in violation of United States law even after Plaintiffs put Defendants on notice of the dangers, was so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct.

227.   Defendants actively and knowingly participated in the dissemination of misrepresentations and concealment of material information related to the Products.

228.   Defendants' malicious and fraudulent conduct must be punished to deter future harm to others. Therefore, exemplary damages are appropriate under that the circumstances.

229.   Defendants have significant relationships with the State of California in regard to the conduct giving rise to punitive damages and the law applicable to this particular issue.

230.   The malicious conduct described herein occurred and arose from Defendants' headquarters in California from where Defendants made corporate decisions related to selling, promoting, advertising, and labeling the Products. Therefore, Cal. Civ. Code § 3294 applies to the punitive damages' aspect of this case.

231.   Pursuant to California Civil Code § 1780(a)(1)-(5) and § 1780(e), Plaintiffs seek an order enjoining Defendants from the unlawful practices described above, a declaration that Defendants' conduct violates the Consumers Legal Remedies Act, reasonable attorneys' fees and litigation costs, and any other relief the Court deems proper under the CLRA.

### FIFTH CLAIM FOR RELIEF
**Violations of The California Unfair Competition Law
("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.*
(Plaintiffs Damato and Montgomery individually and on behalf of the California Class)**

232.   Plaintiffs Damato and Montgomery reassert the allegations set all preceding paragraphs and incorporate such allegations by reference as if fully set forth herein.

233.   Plaintiffs Damato and Montgomery bring this cause of action individually and on behalf of the California Class.

234.   Defendants are "person[s]" as defined by Cal. Bus. & Prof. Code § 17201.

235.   Plaintiff Damato, Plaintiff Montgomery, and California Class Members suffered an injury, by virtue of purchasing defective cosmetic products, because Defendants misrepresented and/or omitted material facts about the Products' true quality, reliability, safety, use, and ingredients.

236.   Had Plaintiff Damato, Plaintiff Montgomery, and California Class Members known about Defendants' misrepresentations and/or omissions of material fact, they would not have purchased the Products or would have paid significantly less for them.

237.   Defendants' conduct, as alleged herein, violates the laws and public policies of California and the federal government, as set out in the preceding paragraphs of this complaint.

238.   There is no benefit to consumers or competition by allowing Defendants to deceptively label, market, and advertise the Products.

239.   Plaintiff Damato, Plaintiff Montgomery, and California Class Members had no way of reasonably knowing that Morphe Eye Makeup was deceptively packaged, marketed, advertised, and labeled, or that Morphe Eye Makeup was defective, unsafe, and unsuitable for its intended use.  Thus, Plaintiff Damato, Plaintiff Montgomery, and California Class Members could not have reasonably avoided the harm they suffered. Further, this harm outweighs any legitimate justification, motive or reason for packaging, marketing, advertising, and labeling the Products in a deceptive and misleading manner.  Accordingly, Defendants' actions are immoral, unethical, unscrupulous, and offend well-established public policies.

240.   Unlawful Prong. A business act or practice is unlawful pursuant to the UCL if it violates any other law or regulation.

241.   Defendants' conduct violates FDA regulations as discussed herein.  Defendants conducts also violates the CLRA.

242.   Unfairness Prong. A business act or practice is unfair pursuant to the UCL if it is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers.

243.     Defendants' unfair acts and practices include but are not limited to knowingly exposing consumers to unreasonable risk of injury by marketing and advertising the Products as eyeshadow when using the Products in this manner is inherently dangerous.

244.     Fraudulent prong: A business act or practice is fraudulent pursuant to the UCL if it is likely to deceive members of the public.

Defendants took active measures to deceive Plaintiffs by representing that the Products were safe for their intended purpose through marketing and advertising communications which instructs and encourages consumers to sue the Products in an unsafe manner.  Plaintiffs relied on these representations to their detriment.

245.     Defendants' actions, in disseminating misleading and deceptive statements to consumers throughout the state of California, including Plaintiff Damato, Plaintiff Montgomery, and California Class Members, were and are likely to deceive reasonable consumers by obfuscating and omitting the Products' true defective nature, and therefore constitute violations of Cal. Bus. & Prof. Code §§ 17500, *et seq*.

246.     Plaintiff Damato, Plaintiff Montgomery, and California Class Members, seek injunctive relief prohibiting Defendants from continuing their unlawful, unfair, and fraudulent business practices, and all other equitable relief available to the fullest extent permitted by law.

247.     Plaintiffs and California Class Members are entitled to a full refund of the Products' purchase price because mislabeled cosmetics cannot legally be manufactured, advertised, distributed, or sold, and thus, Morphe Eye Makeup is worthless as a matter of law

### SIXTH CLAIM FOR RELIEF
### Negligence – Failure to Test
### (Plaintiffs individually and on behalf of the Nationwide Class)

248.     Plaintiffs reassert the allegations set forth in all preceding paragraphs and incorporate such allegations by reference as if fully set forth herein.

249.     Plaintiffs bring this cause of action individually and on behalf of the Nationwide Class pursuant to California law.

250.     Defendants failed to perform adequate testing of Morphe Eye Makeup, including testing the Products in the eye area.

251.     If Defendants had performed adequate testing, it would have revealed the serious deficiencies within Defendants' Products, including that use around the eye would lead to the unreasonably dangerous conditions described herein.

252.     At all relevant times, Defendants had, and continues to have, a duty to exercise reasonable care to properly design—including the duty to test—their Morphe Eye Makeup products prior to placing them in the stream of commerce.

253.     Defendants breached their duty by failing to exercise ordinary care in the design and testing of Morphe Eye Makeup, which they introduced into the stream of commerce, because Defendants knew or reasonably should have known that the Products could cause – and do cause – injury when used as intended.

254.     Defendants knew or reasonably should have known that Nationwide Class Members, including Plaintiffs, would suffer economic damages or injury and/or be at an increased risk of suffering damage and injury, as a result of Defendants' failure to exercise ordinary care in the design and manufacturing of the Products by failing to conduct appropriate testing.

255.     As a result of Defendants' above-described conduct, Plaintiffs and the Nationwide Class experienced and/or are at risk of experiencing financial damage and injury.

256.     As a direct and proximate result of Defendants' failure to test Products that they designed, constructed, manufactured, inspected, distributed, marketed, advertised, warranted, and/or sold, Plaintiffs and Nationwide Class Members have suffered damages, as described above.

**SEVENTH CLAIM FOR RELIEF**
**Negligence – Failure to Warn**
**(Plaintiffs individually and on behalf of the Nationwide Class)**

257.   Plaintiffs reassert the allegations set forth in all preceding paragraphs and incorporate such allegations by reference as if fully set forth herein.

258.   Plaintiffs bring this cause of action individually and on behalf of the Nationwide Class pursuant to California law.

259.   At all relevant times, Defendants were responsible for formulating, designing, constructing, testing, manufacturing, inspecting, distributing, labeling, marketing, advertising, and/or selling the Products to Plaintiffs and the Nationwide Class.  At all relevant times, it was reasonably foreseeable by Defendants that using the Products in their intended and/or forseeable manner involved a substantial risk of injury and was unreasonably dangerous to Plaintiffs and the Nationwide Class.

260.   At all relevant times, Defendants knew or had reason to know of the risk of injury and the resultant harm that Morphe Eye Makeup posed to Plaintiffs and Nationwide Class Members, as the Products' Defect existed at the time of its design, construction, manufacture, inspection, distribution, labeling, marketing, advertising, and/or sale, as described herein.

261.   Defendants, as the designer, manufacturer, tester, distributor, marketer, advertiser, and/or seller of Morphe Eye Makeup, had a duty to warn Plaintiffs and the Nationwide Class of all dangers associated with the intended use of Morphe Eye Makeup.

262.   At minimum, the duty arose for Defendants to warn consumers that use of Morphe Eye Makeup could result in injury and become unreasonably dangerous, based, in part, on internal testing, FDA regulations, and consumer complaints.

263.   Defendants were negligent and breached their duty of care by negligently failing to provide adequate warnings to purchasers and users of the Products, including Plaintiffs and the Nationwide Class, regarding the Defect, risks, and potential dangers of Morphe Eye Makeup.

264.   Defendants were negligent and breached their duty of care by concealing the risks of and failing to warn consumers that the Morphe Eye Makeup contains harmful color additives that are not safe or FDA approved for use in the eye area.

265.   Defendants knew, or through the exercise of reasonable care, should have known of the inherent Defect and resulting dangers associated with using the Products as described herein, and knew that Plaintiffs and Nationwide Class Members could not reasonably

be aware of those risks.  Defendants failed to exercise reasonable care in providing Plaintiffs and the Nationwide Class with adequate warnings.

266.   As a direct and proximate result of Defendants' failure to adequately warn consumers that the use of Morphe Eye Makeup could cause and has caused injuries and other damages, Plaintiffs and the Nationwide Class have suffered damages, as described herein.

**EIGHTH CLAIM FOR RELIEF**
**Strict Products Liability – Defective Design & Manufacture**
**(Plaintiffs individually and on behalf of the Nationwide Class)**

267.   Plaintiffs reassert the allegations set forth in all preceding paragraphs and incorporate such allegations by reference as if fully set forth herein.

268.   Plaintiffs bring this cause of action individually and on behalf of the Nationwide Class pursuant to California law.

269.   Morphe Eye Makeup was designed, manufactured, marketed, promoted, sold, and introduced into the stream of commerce by Defendants.

270.   When the Morphe Eye Makeup left Defendants' control, it was expected to and did reach Plaintiffs and Nationwide Class Members without substantial change from the condition in which it left Defendants' control.

271.   Morphe Eye Makeup was defective when it left Defendants' control and was placed in the stream of commerce, in that there were foreseeable defects in the design and/or manufacture of the Product, as well as use and care warnings.

272.   Combined with the use and care instructions and the complete absence of appropriate warnings, Morphe Eye Makeup was in an unreasonably dangerous condition at the time it left Defendants' control and was placed in the stream of commerce, where it was purchased by Plaintiffs and Nationwide Class Members.

273.   Morphe Eye Makeup was unfit for its intended use and was sold in a defective condition that caused it to become unreasonably dangerous and unsuitable for its intended use.

274.     Plaintiffs and the Nationwide Class Members used Morphe Eye Makeup in substantially the same condition it was in when it left the control of Defendants and in the manner for which Morphe Eye Makeup was intended to be used.

275.     Had Defendants altered its design and manufacturing process utilizing viable alternatives described *supra*, and in other ways to be discovered, Morphe Eye Makeup would not cause the injuries alleged.

276.     Better and safer methods of design, manufacturing and packaging of Morphe Eye Makeup were available and utilized by other manufacturers in the same industry.

277.     Likewise, warnings were available and could and should have been provided to reduce the likelihood of personal injury and other damage.

278.     As a direct and proximate result of Defendants' defective design and/or manufacture of Morphe Eye Makeup, Plaintiffs and Nationwide Class Members suffered damages and economic loss as set forth herein.

279.     Defendants are strictly liable to Plaintiffs and Nationwide Class Members for all damages and economic losses resulting from their defective design and/or manufacture of Morphe Eye Makeup

280.     As a direct and proximate result of the foregoing, Plaintiffs and the Nationwide Class Members suffered, and continue to suffer, financial damage and injury, and are entitled to all damages, in addition to costs, interest and fees, including attorneys' fees, as allowed by law.

## **RELIEF DEMANDED**

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, seek a judgment against Defendants, as follows:

a.     For an order certifying the Classes under Fed. R. Civ. P. 23 and naming Plaintiffs as Class Representative and Plaintiffs' attorneys as Class Counsel;

b.     For an order declaring that Defendants' conduct violates the statutes referenced herein;

c.     For an order finding in favor of Plaintiffs and the Classes on all counts asserted herein;

d.      For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

e.      For prejudgment interest on all amounts awarded;

f.      For an order of restitution and all other forms of equitable monetary relief;

g.      For injunctive relief as pled or as the Court may deem proper; and

h.      For an order awarding Plaintiffs and the Classes their reasonable attorneys' fees, expenses, and costs of suit.

## JURY TRIAL DEMANDED

Plaintiffs demand a trial by jury on all claims so triable.

DATED: April 1, 2022.                    Respectfully submitted,

*/s/ Alex R. Straus*
Alex R. Straus (CA Bar No. 321366)
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**
280 S. Beverly Drive
Beverly Hills, CA 90212
T: 917-471-1894
astraus@milberg.com

Alexandra M. Honeycutt*
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**
800 S. Gay St., Suite 1100
Knoxville, TN 37929
(865) 247-0080 (main)
ahoneycutt@milberg.com

***Counsel for Plaintiffs and the Putative Classes***

*\* Pro Hac Vice Application to be submitted*